# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| MICHAEL KING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. |
| v. ) | |
| ) | |
| GET HEAL, INC., ) | |
| ) | |
| **Serve**: National Registered Agents, Inc. ) | |
| 330 N. Brand Blvd., Ste. 700 ) | |
| Glendale, CA 91203 ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff Michael King ("King"), by and through its undersigned counsel, and for its cause of action against Defendant Get Heal, Inc. ("Heal") states as follows:

1. Plaintiff King is an individual over the age of eighteen years that formerly worked for Defendant Heal in the County of St. Louis, State of Missouri.

2. Defendant Heal a Delaware corporation with its principal place of business in Los Angeles, California that formerly employed Plaintiff King in the County of St. Louis, State of Missouri.

3. Defendant Heal has at least two employees and its annual dollar volume of sales or business done is at least $500,000.

4. Additionally, Plaintiff King was engaged in commerce while he was employed by Defendant Heal in that he regularly made telephone calls and sent electronic mails to co-workers that were based in other states, and traveled across state lines in connection with his job duties.

5. For example, Plaintiff King's direct supervisor was Chase Dailey, who was Defendant Heal's Vice President of Corporate Development, and he lived in Louisville, Kentucky at the time that Plaintiff King worked for the company.

6. Plaintiff King routinely e-mailed and called Mr. Dailey in connection with his job duties, and traveled from St. Louis, Missouri to the Louisville, Kentucky area to meet with Mr. Dailey on at least one occasion in connection with his job duties for Defendant Heal.

7. Jurisdiction and venue are proper in this Court.

**COUNT I – FAILURE TO PAY OVERTIME COMPENSATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT**

8. Plaintiff King reincorporates and realleges all previous paragraphs of this Complaint as if set forth fully herein.

9. Defendant Heal is a healthcare company that provides in-home healthcare to patients via physicians, nurse practitioners, and certified medical assistants, and also provides telemedicine and remote monitoring services to patients.

10. Plaintiff King began working for Defendant Heal on or about February 7, 2022 with the ostensible title as its National Director of Strategic Partners, and reported directly to its Vice President of Corporate Development.

11. While Plaintiff King worked for Defendant Heal he was paid an annual salary of $100,000.

12. Defendant Heal terminated Plaintiff King's employment on March 29, 2022.

13. Plaintiff Heal improperly classified Plaintiff King as an exempt employee that it believed was not eligible for overtime compensation.

14. During the brief period of time that Plaintiff King worked for Defendant Heal, he exercised little to no discretion or independent judgment over his job duties and responsibilities, and his work was closely reviewed and scrutinized by his direct supervisor.

15. Defendant Heal crafted Plaintiff King's job description in an effort to characterize him as being exempt from eligibility for FLSA overtime pay, but his actual job duties varied from the job description, such that they he was engaged primarily in rote, manual, and non-discretionary tasks.

16. Plaintiff King lacked the authority to make any independent decisions for Defendant Heal during the brief period of time that he worked for it, as his work was consistently reviewed by Mr. Dailey before the company made any decisions (independent of Mr. King's input) about what course of action it wanted to pursue.

17. Plaintiff King lacked authority to commit Defendant Heal to any significant financial commitments as it did not even allow him to rent office space for $450/month without supervisory approval.

18. In connection with his employment for Defendant Heal, Plaintiff King lacked the authority to formulate, affect, interpret, or implement management policies or operating practices.

19. In connection with his employment for Defendant Heal, Plaintiff King did not carry out major assignments in conducting the operations of its business.

20. In connection with his employment for Defendant Heal, Plaintiff King did not perform work that affected its business operations to a substantial degree.

21. In connection with his employment for Defendant Heal, Plaintiff King lacked the authority to waive or deviate from established policies and procedures without prior approval.

22. In connection with his employment for Defendant Heal, Plaintiff King lacked the authority to negotiate and bind the company on significant matters

23. In connection with his employment for Defendant Heal, Plaintiff King did not consultation or expert advice to management on any significant matters.

24. In connection with his employment for Defendant Heal, Plaintiff King was not involved in planning long- or short-term business objectives.

25. In connection with his employment for Defendant Heal, Plaintiff King did not investigate and resolve matters of significance on behalf of management.

26. In connection with his employment for Defendant Heal, Plaintiff King did not represent the company in handling complaints, arbitrating disputes or resolving grievances.

27. During his employment with Defendant Heal, Plaintiff King customarily and regularly worked more than forty hours per week but was not paid an overtime premium.

28. Defendant Heal lacked a good faith basis to classify Plaintiff King as an exempt employee such that he is entitled to liquidated damages.

29. Plaintiff King has incurred, and will continue to incur, legal fees and costs in connection with his claims against Defendant Heal which are recoverable under the Fair Labor Standards Act in the event that he is a prevailing party in this litigation.

WHEREFORE, Plaintiff King prays for a judgment on its Complaint against Defendant Heal in an amount of double the overtime wages that he should have received, for pre- and post-judgment interest, for his attorney's fees and costs incurred herein, and for such other and further relief as this Court deems just and proper.

McCARTHY, LEONARD, KAEMMERER, L.C.

By: /s/ Bryan M. Kaemmerer
Bryan M. Kaemmerer, #52998
bkaemmerer@mlklaw.com
825 Maryville Center Drive, Suite 300
Town & Country, MO 63017
(314) 392-5200
(314) 392-5221 (Fax)

Attorneys for Plaintiff King